UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIELLA BASS,<br><br>          Plaintiff,<br><br> - against -<br><br>SOME SPIDER, INC.<br><br>          Defendant. | Docket No. 17-cv-6719<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Gabriella Bass ("Bass" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Some Spider, Inc., ("Spider" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of an iconic copyrighted photograph of the fearless girl sculpture in Wall Street owned and registered by Bass, a New York based photojournalist. Accordingly, Bass seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacting doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Bass is a professional photojournalist in the business of licensing her photographs for a fee having a usual place of business at 44 St. Nicholas Avenue, Apt. 3R, Brooklyn, New York, 11237.

6. Upon information and belief, Spider is a domestic business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 20 West 22nd Street, Suite 601, New York, New York 10010. At all times material hereto, Spider has owned and operated a website at the URL: www.ScaryMommy.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7. Bass photographed the iconic fearless girl sculpture in Wall Street (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Bass is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-055-082.

**B.     Defendant's Infringing Activities**

10. Spider ran an article on the Website entitled *Male Artist Adds Statue of Dog Peeing On The Fearless Girl, Because of Course*. See http://www.scarymommy.com/male-artist-adds-statue-of-dog-peeing-on-fearless-girl-alex-gardega/. The article prominently featured the

Photograph. A true and correct copy of the article with the Photograph is attached hereto as Exhibit B.

11. The article was written by a Spider staff senior news editor.

12. The Photograph appears on Spider computer servers.

13. Spider did not license the Photograph from Plaintiff for its article, nor did Spider have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST SPIDER)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Spider infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Spider is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Spider have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20.     Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST SPIDER
## (17 U.S.C. § 1202)

21.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22.     Upon information and belief, Spider copied the Photograph from the New York Post.

23.     The New York Post had Bass' gutter credit underneath the Photograph which is considered copyright management information protected under 17 U.S.C. § 1202(b). See Exhibit C.

24.     Upon information and belief, Spider intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25.     The conduct of Spider violates 17 U.S.C. § 1202(b).

26.     Upon information and belief, Spider's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Spider intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Spider also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Spider as alleged herein, Plaintiff is entitled to recover from Spider the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Spider because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Spider statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Spider be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Spider be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That with respect to the first claim, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

   information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.  That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.  That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.  That Plaintiff be awarded pre-judgment interest; and

8.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
   September 4, 2017

                LIEBOWITZ LAW FIRM, PLLC

                By: /s/Richard Liebowitz
                   Richard P. Liebowitz
                11 Sunrise Plaza, Suite 305
                Valley Stream, NY 11580
                Tel: (516) 233-1660
                RL@LiebowitzLawFirm.com

                *Attorneys for Plaintiff Gabriella Bass*